UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL S. GORBEY,

    Petitioner,

v.                                        CASE NO. 5:10-cv-308-Oc-23PRL

WARDEN, FCC COLEMAN, MEDIUM,

    Respondent.
_____/

**ORDER**

Gorbey petitions (Doc. 7) for the writ of habeas corpus under 28 U.S.C. § 2241.[1] Gorbey cites incident reports issued by the Bureau of Prisons (BOP) and asserts entitlement to expungement of the sanctions and restoration of lost good conduct time (GCT), the loss of which occurred on only one occasion. (Doc. 7 at 10;

---

[1] Gorbey filed the petition while incarcerated at the Federal Correctional Institution in Coleman, Florida. Gorbey is currently incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma. He serves a 264-month term of imprisonment imposed by the Superior Court for the District of Columbia for his convictions of unlawful possession of a firearm; carrying a dangerous weapon outside a home or business (two counts); possession of an unregistered firearm; unlawful possession of ammunition (eight counts); possession of a destructive device; and attempted manufacture or possession of a weapon of mass destruction. (Doc. 16, Ex. 1).

Doc. 16 at 2). Gorbey's disciplinary record is attached to the response (Doc. 16) to the petition. Gorbey replies (Doc. 17) to the response.[2]

Because prison discipline is not a criminal prosecution, a defendant is not entitled to the array of rights due a criminal defendant. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution[.]"). However, an inmate is entitled to due process, for example, notice and an opportunity for a hearing before losing GCT. As stated in *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985):

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." *United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

---

[2] Gorbey seeks an evidentiary hearing. Because a hearing is unnecessary to disposition of the petition, the request for a hearing is **DENIED**.

The BOP sanctioned Gorbey several times for failure to abide by BOP policy and for failure to follow the direction of the staff. (Doc. 16, Ex. 2). Only incident report number 1915971 resulted in Gorbey's loss of GCT.[3]

The conduct that resulted in incident report 1915971 occurred on September 9, 2009, while Gorbey was confined at the United States Penitentiary at Terre Haute, Indiana. BOP staff determined that Gorbey did not require segregation and re-assigned him to the general population. (Doc. 16, Ex. 3). Based on Gorbey's refusal to return to the general population, BOP staff issued an incident report citing Gorbey's refusal to accept the program re-assignment and his refusal to follow an order. (Doc. 16, Ex. 3, §§ 9, 11).

On September 9, 2009, BOP staff provided a copy of the incident report to Gorbey. A BOP Lieutenant investigated the charges and interviewed Gorbey. The Lieutenant advised Gorbey of his rights and offered Gorbey an opportunity to respond to the charges. Gorbey declined. The Lieutenant concluded that the BOP staff's allegations against Gorbey were well-founded and referred the matter to the Unit Discipline Committee (UDC).

---

[3] Gorbey challenges incident reports that did not alter the fact or duration of his confinement (each report other than 1915971). Because "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody," *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), these challenges seek relief unavailable by a writ of habeas corpus.

- 3 -

On September 11, 2009, the UDC determined that the report should advance to the Discipline Hearings Officer (DHO) for a formal hearing. (Doc. 16, Ex. 3, at §§ 18-20). BOP staff both notified Gorbey that a disciplinary hearing would occur and advised Gorbey of his rights. (Doc. 16, Ex. 4; Ex. 5) Gorbey requested the assistance of a staff representative but did not request the presence of any witness. (Doc. 16, Ex. 4; Ex. 6).

At the October 8, 2009, formal hearing Gorbey appeared with a staff representative, denied the charges against him, and argued that he should not be designated to a United States Penitentiary. Based on Gorbey's failure to leave the special housing unit and return to general population as directed by BOP staff, the DHO found that Gorbey committed the prohibited act of refusing a work or program assignment. Among other sanctions, the DHO disallowed fourteen days of GCT. Gorbey received a copy of the report on December 11, 2009.

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." 472 U.S. at 457. Gorbey's disciplinary conviction was supported by "some evidence."

An incident report issued describing Gorbey's refusal to accept the general population housing assignment. Gorbey does not deny refusing this order, and

- 4 -

Gorbey received a fair hearing with appropriate procedural protections. Evidence presented at the hearing was sufficient to meet either the "some evidence" or the "greater weight of the evidence" standard of review. Accordingly, the petition (Doc. 7) is **DENIED**. A review of Gorbey's other allegations confirms that each is without merit and warrants no discussion.

The Clerk is directed to enter judgment against Gorbey, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on January 28, 2013.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE